1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   LUIS LORENZO ARMENTERO,          )     Case No. 2:08-cv-01716-MSB
                                     )
10              Plaintiff,           )     **ORDER**
                                     )
11   vs.                             )
                                     )
12   D.K. SISTO, Warden, *et al.*,   )
                                     )
13              Defendants.          )
    ─────────────────────────────────)
14

15          Plaintiff Luis Lorenzo Armentero, who is currently confined in the Avenal State

16   Prison (ASP) in Avenal, CA, has filed an amended *pro se* civil rights complaint under 42

17   U.S.C. § 1983 (Dkt. #18) pursuant to the Court's November 23, 2009 order dismissing

    Armentero's original complaint for failure to state a claim upon which relief may be granted

18   and granting Armentero leave to amend his complaint (Dkt. #15).  After screening the

19   complaint pursuant to 28 U.S.C. § 1915A, the Court finds that Armentero's First Amended

20   Complaint fails to state a claim upon which relief may be granted under the Eighth

21   Amendment.

22

    **I.    Statutory Screening of Prisoner Complaints**

23          The Court is required to screen complaints brought by prisoners seeking relief against

24   a governmental entity or an officer or employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

26   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

27

28

be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

## II.    First Amended Complaint

In his First Amended Complaint (FAC), Armentero presents one claim for relief[1] against the named defendants—D.K. Sisto, A.C. Navarro, R. Long, L. Ingrao, L. Murray Fries, L.E. Delapp, L. Rohrer, Alvaro Traquina, W.A. Rodriguez, C.M. Scavetta, C. Primm, and A. Noriega—under the Eighth Amendment: "[A]ll defendants named in this complaint intentionally were risking [Armentero's] health by their refusal of his prescribed medical treatment and his serious medical need, acting with deliberate indifference." (Dkt. #18 at 11).

Armentero alleges that he "has been diagnose[d] by . . . physicians as medically unassigned since 2005, due to . . . . degenerative joint disease or osteoarthritis." (Dkt. #18 at 12). According to Armentero, "[d]ue to [his] osteoarthritis . . . he has joint pain and some movement limitation. . . . . [The] [s]ymptoms and effects of [his] osteoarthritis . . . include stiffness, swelling, and pain, which make it hard [for him] to walk, climb[,] and bend[]." (*Id.* at 12–13). A document attached to the FAC entitled "Comprehensive Accommodation Chrono," shows that in September 2005 a physician at North Kern State Prison wrote "medically unassigned" in response to a question whether Armentero had "any physical limitations to job assignments," and assigned Armentero to a "bottom bunk" on a permanent basis.[2] (*Id.*, Exh. D). The document states: "Chronos indicating permanent accommodations

---

[1] In his original complaint, Armentero also asserted claims under the First and Fourteenth Amendments. (Dkt. #1). In dismissing his original complaint for failure to state a claim, the Court informed Armentero that "[a]ny cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint." (Dkt. #15 at 10). Because he does not reassert them in his First Amended Complaint, Armentero has waived his First and Fourteenth Amendment claims. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

[2] The other documents attached to Armentero's First Amended Complaint, unlike a number of the documents that had been attached to Armentero's original complaint, generally appear to be unrelated to the allegations contained in the First Amended Complaint; they involve separate incidents at a different prison and do not involve the named

1    shall be reviewed annually.  This form shall be honored as a permanent chrono at all

2    institutions." (*Id.*).

3          Armentero was subsequently transferred to California State Prison - Solano (CSP-

4    Solano) in Solano, CA.  (Dkt. #18 at 10-11, Exh. C).  Armentero alleges that he discussed

5    his "medically unassigned" status and medical condition as reflected in his 2005

6    Comprehensive Accommodation Chrono with Defendant Navarro, a former counselor at

7    CSP-Solano.[3]  (Id. at 13).  Navarro allegedly ignored Armentero's medically unassigned

8    status and referred him to the Unit Classification Committee (UCC), recommending to

9    Defendant Long, a UCC supervisor, that Armentero be assigned to attend Adult Basic

10   Education (ABE-1.115) school.  (*Id.* at 13).  Long assigned Armentero to ABE-1.115,

11   refusing to grant him an exemption despite allegedly being aware of his unassigned status.

12   (*Id.* at 14).

13         Armentero also alleges that Defendant Fries, a Correctional Officer at CSP-Solano,

14   and Defendant Ingrao, the ABE-1.115 teacher at CSP-Solano, "compell[ed] [him] to attend

15   the ABE[-1.115] school" and refused to recognize his medically unassigned status and grant

16   him an exemption from attending the ABE-1.115 school.  (Dkt. #18 at 15–16).  According

17   to Armentero, "[a]s [a] result of defendant[s'] action[s,] [his] knee and a disc in [his] spinal

18   column were injured when he [fell while] trying to climb [up a] hill to reach the school," and

19   he "now [has to] walk with [the] help of a can[e]." (*Id.* at 16).  Additionally, Defendant

20   Rohrer, a physician at CSP-Solano, examined Armentero after his fall and "prescribed [him]

21   pain medication, a knee sleeve, and a cane," but allegedly refused to recognize Armentero's

22

23   ─────────────────

24   defendants.

25         [3]In his FAC, Armentero states that he and Defendant Navarro specifically discussed
     his "medical status and medical condition, as well [as] the medical chronos CDC 1845 and
26   CDC 7410, which function as a physician's order."  (Dkt. #18 at 13).  Armentero, however
     does not explain what "the medical chronos CDC 1845 and CDC 7410" are.  Although there
27   is a Comprehensive Accommodation Chrono dated September 2005 attached to the FAC, as
     discussed above, nothing on that document indicates that it is a CDC 1845 or CDC 7410
28   chrono.

1   medically unassigned status, thus "[e]xposing [him] to future unreasonable health risk[s]."
2   (*Id.* at 19).

3       Disciplinary charges were filed against Armentero for failing to report to his ABE-
4   1.115 assignment.  (Dkt. #18 at 17).   After holding a hearing on September 20, 2007,
5   Defendant Primm, a Correctional Sergeant at CSP-Solano, found Armentero guilty as
6   charged. (*Id.*).  According to Armentero, Primm ignored Armentero's medically unassigned
7   status. (*Id.*).  Armentero appealed.  (*Id.* at 19).  On appeal, Defendant Delapp, the Supervisor
8   of Academic Instruction at CSP-Solano, allegedly filed a report stating that Armentero "had
9   no additional document[ation] to support his unassigned status" (*id.* at 20) despite knowing
10  that Armentero had produced such documentation (*id.* at 19).   Thereafter, Defendants
11  Scavetta, Associate Warden of Level II Operations at CSP-Solano, Rodriguez, Associate
12  Warden of Health Care Services at CSP-Solano, Noriega, Chief Physician and Surgeon at
13  CSP-Solano, Rallos, Chief Physician and Surgeon of Health Care Services at CSP-Solano,
14  and Sisto, Warden at CSP-Solano, allegedly "support[ed] and acquiesc[ed] [in] . . . Delapp's
15  false report" and refused to recognize Armentero's medically unassigned status, despite
16  having "the power and the authority to alleviate or to correct the violation."  (*Id.* at 20,
17  20–23).

18      In December 2007, Armentero was transferred by Defendant Traquina, the Chief
19  Medical Officer at CSP-Solano, to the California Medical Facility (CMF) in Vacaville, CA.
20  (Dkt. #18 at 18; *id.* at Exh. B).  According to Armentero, CMF is more "hilly" than CSP-
21  Solano and "is a stairs system facility"; it has elevators, but they are usually broken.  (*Id.* at
22  18).

23  **III.    Failure to State a Claim**

24      42 U.S.C. § 1983 provides a cause of action against persons acting under color of state
25  law who have violated rights guaranteed by the United States Constitution. *See Buckley v.*
26  *City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Demery v. Kupperman*, 735 F.2d 1139,
27  1146 (9th Cir. 1984).  To state a valid claim for relief under § 1983, a plaintiff must allege
28  that he suffered a specific injury as a result of a defendant's specific conduct and show an

1    affirmative link between the injury and that defendant's conduct.  *See Rizzo v. Goode*, 423

2    U.S. 362, 371-72, 377 (1976).

3        **A.    Pleading Standard**

4        *Pro se* pleadings are to be liberally construed.  *Hains v. Kerner*, 404 U.S. 519, 520-21

5    (1972).  Nonetheless, a *pro se* plaintiff must satisfy the pleading standard set forth in the

6    Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim

7    *showing* that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2) (emphasis added).  In

8    addition, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

9    While Rule 8 does not demand detailed factual allegations, "it demands more than an

10   unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct.

11   1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by

12   mere conclusory statements, do not suffice."  *Id.*  If the Court determines that a pleading

13   could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity

14   to amend his complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en

15   banc*).

16       **B.    Eighth Amendment**

17       Armentero claims that the defendants violated the Eighth Amendment prohibition

18   against cruel and unusual punishment.  Specifically, Armentero claims that "all defendants

19   named in [the] [FAC] intentionally were risking [his] health by their refusal of his prescribed

20   medical treatment and his serious medical need, acting with deliberate indifference."  (Dkt.

21   #18 at 11).

22       As explained by the Court's in its previous order dismissing Armentero's original

23   complaint, a prison official violates the Eighth Amendment when he acts with "deliberate

24   indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104

25   (1976).  In his FAC, as in his original complaint, Armentero alleges a serious medical

26   need—he has osteoarthritis that limits his mobility and causes him pain.  His condition is

27   serious enough that a physician at North Kern State Prison declared him medically

28   unassigned with a permanent bottom bunk.  The question, as with the original complaint, is

1    whether Armentero's allegations in the FAC meet the requisite standard for deliberate

2    indifference.

3         "Prison officials are deliberately indifferent to a prisoner's serious medical needs

4    when they 'deny, delay or intentionally interfere with medical treatment.'" *Lopez v. Smith*,

5    203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394

6    (9th Cir. 1988)).   In addition, prison officials may not "ignore[] the instructions of the

7    prisoner's treating physician or surgeon." *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th

8    Cir. 1999).

9         Deliberate indifference is a subjective standard: "the official must both be aware of

10   facts from which the inference could be drawn that a substantial risk of serious harm exists,

11   and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Thus,

12   an "official's failure to alleviate a significant risk that he should have perceived but did not,

13   . . . cannot . . . be condemned as the infliction of punishment." *Id.* at 838.   In other words,

14   mere claims of "indifference," "negligence," or "medical malpractice" do not constitute

15   deliberate indifference.  *See Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980);

16   *see also Farmer*, 511 U.S. at 835–36 & n.4 (equating deliberate indifference with reckless

17   disregard).

18        In his FAC, Armentero repeatedly asserts that each of the named defendants'

19   "intentionally interfered with [his] medical treatment" and "knew of and disregard[ed]

20   excessive risk to [his] health and safety exposing [him] to [an] unreasonable health risk;

21   deliberate indifference to such risks constitutes punishable behavior."  (Dkt. #18 at 13; *see

22   id.* at 14–23).  As previously noted, however, rote repetition and "[t]hreadbare recitals of the

23   elements of a cause of action, supported by mere conclusory statements, do not suffice" to

24   state a claim upon which relief may be granted.  *Iqbal*, 129 S. Ct. at 1949.  Rather, "[a] claim

25   has facial plausibility when the plaintiff pleads factual content that allows the court to draw

26   the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

27   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see id.* at 1950 ("While legal

28

- 6 -

1    conclusions can provide the framework of a complaint, they must be supported by factual

2    allegations.").

3           Armentero's FAC contains only the following facts: (1) Armentero has osteoarthritis,

4    which causes him "joint pain and some movement limitation," making it "hard [for him] to

5    walk, climb[,] and bend"; (2) Armentero was declared to be "medically unassigned" with

6    respect to job assignments in a September 2005 Comprehensive Accommodation Chrono by

7    a physician at the North Kern State Prison; (3) two years later, Armentero was assigned by

8    Defendants Navarro and Long to attend classes at the ABE-1.115 school at CSP-Solano

9    despite showing them his 2005 Comprehensive Accommodation Chrono from North Kern

10   State Prison; (4) Armentero fell and injured himself while walking up a hill to the ABE 1.115

11   school after being compelled to attend the school by Defendants Fries and Ingrao, despite the

12   fact that both of them knew about Armentero's 2005 Comprehensive Accommodation

13   Chrono; and (5) the remaining defendants subsequently refused to recognize Armentero's

14   medically unassigned status despite knowing about his 2005 Comprehensive

15   Accommodation Chrono.

16          At best, Armentero's allegations establish that the defendants knew that Armentero

17   had been deemed medically unassigned to job assignments in 2005 by physicians at North

18   Kern State Prison.  Armentero does allege that his 2005 Comprehensive Accommodation

19   Chrono and accompanying "medically unassigned" status remained valid in 2007 at CSP-

20   Solano.  In fact, although the 2005 Comprehensive Accommodation Chrono states that it

21   "shall be honored as a permanent chrono at all institutions," it also states that it "shall be

22   reviewed annually."  In addition, Armentero does not allege that his medically unassigned

23   status applies to assignments to attend school, as opposed to only job assignments, as the

24   2005 Comprehensive Accommodation Chrono appears to indicate—the form explicitly

25   applies to "physical limitations to *job* assignments."  Finally, Armentero alleges only that his

26   osteoarthritis causes him "some movement limitation" and makes it "hard [for him] to walk";

27   he does not allege that he is physically unable to walk up a hill without injuring himself or

28   that the defendants knew that he could injure himself if they required him to walk up a hill

to attend the ABE-1.115 school.  Accordingly, the Court cannot conclude that the defendants' alleged conduct—refusing to grant Armentero an exemption from assignment to the ABE-1.115 school at CSP-Solano in 2007 in light of his "medically unassigned" job status in 2005 at North Kern State Prison—amounts to deliberate indifference to Armentero's medical needs in violation of the Eighth Amendment prohibition against cruel and unusual punishment.[4]

**IV.    Dismissal With Prejudice**

For the foregoing reasons, Armentero's FAC fails to state a claim upon which relief may be granted.  As the FAC might be cured by the allegation of other facts, however, the Court will grant Armentero leave to amend the FAC.  *See Lopez*, 203 F.3d at 1129.  Within 45 days, Armentero may submit a second amended complaint on the form provided with this Order.

Armentero must clearly designate on the face of the document that it is the "Second Amended Complaint."  The complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the previous complaints by reference.  An amended complaint entirely supersedes any previous complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat the previous complaints as nonexistent.  *Id.*  Any cause of action that was raised in a previous

---

[4]Based on the allegations contained in Armentero's original complaint and the documents attached thereto, the Court concluded that Armentero had alleged, at best, a difference of medical opinion between the physicians at North Kern State Prison and those at CSP-Solano, who found that he was not mobility impaired and that his physical examination was "unremarkable."  (Dkt. #15 at 7); *see Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("[A] mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference.") (internal quotation marks omitted).  Armentero's FAC, however, does not include the exhibits attached to his original complaint showing that he was transferred to Folsom State Prison from North Kern State Prison before arriving at CSP-Solano and that physicians at Folsom State Prison examined him and determined that the "objective data [did] not support [his] claimed disability" and medically unassigned status.  The Court reminds Armentero that it has the power to sanction a party if it determines that the party has engaged in deceptive practices, willfully deceived the Court, or otherwise acted in bad faith.  *See* FED. R. CIV. P. 11; *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

complaint is waived if it is not raised in the second amended complaint. *See King*, 814 F.2d at 567.

## V.     Warnings

### A.     Address Changes

Armentero must file and serve a notice of a change of address in accordance with Rules 83-182(f) and 83-183(b) of the Local Rules of the United States District Court of the Eastern District of California. Armentero must not include a motion for relief with a notice of change of address. Failure to comply may result in dismissal of this action. *See* L.R. 83-183(b).

### B.     Copies

Armentero must submit an additional copy of every filing for use by the Court. *See* L.R. 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice.

### C.     Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Armentero fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under 28 U.S.C. § 1915, a prisoner may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless a prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D.     Possible Dismissal

If Armentero fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

1    **Accordingly,**

2    **IT IS HEREBY ORDERED THAT:**

3    (1)    Plaintiff's First Amended Complaint (Dkt. #18) id dismissed for failure to state

4    a claim.  Plaintiff is granted leave to amend his complaint and may file a Second Amended

5    Complaint in compliance with this Order no later than **45 days** from the date this Order is

6    filed.  If Plaintiff chooses to amend his complaint and the Court finds the amended complaint

7    is frivolous, malicious, or fails to state a claim, it will be dismissed with prejudice pursuant

8    to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2) and count as a "strike" under 28 U.S.C. §

9    1915(g).   Alternatively, Plaintiff may elect to file a motion to voluntarily dismiss his

10    complaint pursuant to Fed. R. Civ. P. 41(a)(1)(A) no later than **45 days** from the date this

11    Order is filed.

12    (2)    The Clerk of the Court shall send Plaintiff a Prisoner Complaint form along

13    with this order.

14    (3)    If Plaintiff fails to file a Second Amended Complaint or a Motion to

15    Voluntarily Dismiss the First Amended Complaint within 45 days from the date this order

16    is filed, the Clerk of the Court shall, without further notice, enter a judgment of dismissal of

17    this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C.

18    § 1915(g).

19

20    DATED this 10th day of June, 2010.

21

22    /s/ Marsha S. Berzon

           MARSHA S. BERZON

23    United States Circuit Judge, sitting by designation

24

25

26

27

28